UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**ESTELA ESCOBAR-GONZALES O/B/O M.G.**,

        Plaintiff,

  v.

**CAROLYN COLVIN, Acting Commissioner of Social Security Administration**,

        Defendant.

Case No. 3:15-cv-00569-KI

OPINION AND ORDER

    Merrill Schneider
    Schneider, Kerr & Gibney Law Offices
    P.O. Box 14490
    Portland, Oregon 97293

        Attorney for Plaintiff

    Billy J. Williams
    United States Attorney
    District of Oregon
    Janice E. Hebert
    Assistant United States Attorney
    1000 SW Third Ave., Ste. 600
    Portland, OR 97204-2902

Page 1 - OPINION AND ORDER

Jordan D. Goddard
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Estela Escobar-Gonzales, on behalf of her minor child, M.G., brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying M.G.'s application for supplemental security income benefits ("SSI"). I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

For claimants under the age of 18, the Social Security Administration has established a three-step sequential evaluation process to determine whether the claimant is disabled. 20 C.F.R. § 416.924(a). At step one, the Commissioner determines if the claimant is engaging in substantial gainful activity; if so the plaintiff is not disabled. At step two, the Commissioner resolves whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that are severe. *Id.* If the claimant does not have a medically determinable severe impairment, the claimant is not disabled.

If the evaluation proceeds to step three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meets or functionally equals the Listings. In determining whether an impairment or combination of impairments equals a Listing, the Commissioner must assess the claimant's functioning in terms of six criteria: (1) acquiring

and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) self care; and (6) health and physical well-being. The Commissioner must compare how appropriately, effectively, and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. To functionally equal the listings, the claimant's impairment or combination of impairments must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d). In assessing whether the claimant has marked or extreme limitations, the Commissioner must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe, as well as the interactive and cumulative effects of the claimant's impairment(s) in any affected domain. 20 C.F.R. § 416.926a(a).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. *Id.* (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. *Id.*

## THE ALJ'S DECISION

The ALJ identified a learning disorder as M.G.'s severe impairment, which he found did not meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404,

Subpart P, Appendix 1.  As a result, the ALJ concluded M.G. was not disabled within the meaning of the Act.

## FACTS

M.G. was born in 1997.  She attended special education courses.  Her sister described M.G. as having problems learning and understanding reading, writing and math.  Her sister reported M.G. had trouble staying focused, could not summarize what had been read to her, and would walk out of her classroom in frustration.

## DISCUSSION

The only issue M.G. takes with the ALJ's opinion is how he treated the lay witness statement of M.G.'s sister.  The ALJ summarized both lay witness statements--one from M.G.'s sister-in-law and one from M.G.'s sister.  He rejected both reports as follows: "I do not give great weight to the statements of the claimant's family members[] because they are not consistent with the school records and the results of cognitive testing that show greater functioning and abilities than alleged." Tr. 34.

Lay testimony about a claimant's symptoms is competent evidence which the ALJ must take into account unless he gives reasons for the rejection that are germane to each witness. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

M.G. argues the ALJ was not permitted to reject both of the lay witness statements in a wholesale fashion.  To the contrary, however, the law does not require the ALJ to separately discuss each witness' statement.  Specifically,

> We have held that competent lay witness testimony cannot be disregarded without comment, and that in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness.  We have not, however,

>   required the ALJ to discuss every witness's testimony on a[n] individualized, witness-by-witness basis.  Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness.

*Molina*, 674 F.3d at 1114 (internal quotation marks and citations omitted).

Here, the ALJ summarized the reports of both lay witnesses, which were similar in substance.  He then rejected both statements due to their inconsistency with school records and cognitive testing.  M.G. does not challenge the ALJ's reasoning, just the way in which he presents his reasoning, but there is no basis to find error on either score.  The ALJ gave germane reasons for giving little weight to M.G.'s sister's statement, and his reasoning is supported by substantial evidence in the record.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards.  For these reasons, the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

DATED this     3rd     day of March, 2016.


                                             /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge